UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

UNITED STATES OF AMERICA,

      -against-                                                    99 Cr. 654 (CM)

Alberto Orlandez-Gamboa,

            Defendant.
-----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/2025

### DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

McMahon, J.:

On May 25, 2005, the late Thomas P. Griesa, U.S.D.J., sentenced Orlandez-Gamboa—the leader of a large-scale narcotics trafficking organization responsible for creating mayhem and exporting cocaine from Colombia to countries around the world—to a term of 480 months' imprisonment.

Orlandez-Gamboa's projected release date is September 10, 2032.

On September 25, 2024, Orlandez-Gamboa filed the latest in a series of motions by him asking the Court to grant him compassionate release, pursuant to 18 U.S.C. § 3582(c)((1)(A). (ECF Doc. 119).

On January 10, 2025, the Court denied Orlandez-Gamboa's motion finding that: (1) he had failed to establish an extraordinary and compelling reason to reduce his sentence, and (2) even if he had established an extraordinary and compelling basis for the Court to consider reducing his sentence, the sentencing factors set forth

1

at § 3553(a) counsel strongly against any reduction in sentence. (ECF Doc. 123).

On March 6, 2025, Orlandez-Gamboa filed a motion asking the Court to reconsider its denial of his September 25, 2024 motion for compassionate release. (ECF Doc. 125).

There is nothing in Orlandez-Gamboa's motion for reconsideration—which essentially reiterates the arguments he made in his original September 25, 2024 motion—that causes the Court to question the correctness of its decision. As I have now expressed on more than one occasion:

> It is hard to envision a defendant who merits a sentencing reduction—let alone a reduction to the bottom of the amended Guidelines range—less than the leader of a violent cartel. Through his conduct, the defendant has injured innumerable people, both by contributing in a very significant way to the drug epidemic in this country and by threatening the safety and security of the public through his cartel's use of bribery, kidnapping, and assassinations, which helped fray the fabric of Colombian civil society. Defendant's good behavior in prison, however laudable, is insufficient to justify a reduction in his sentence.

(ECF Doc. 123).

The motion for reconsideration is denied.

The Clerk of the Court is to terminate the motion at ECF Document 125.

March 7, 2025

*Colleen McMahon*
Colleen McMahon
District Court Judge